ORIGINAL

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AUNDRE RASHAD WOODLAND,

       Petitioner,

v.

THOMAS WINN, WARDEN,

       Respondent.

_____/

Case:4:17-cv-13152
Judge: Leitman, Matthew F.
MJ: Majzoub, Mona K.
Filed: 09-21-2017 At 12:12 PM
HC WOODLAND VS WINN (RB)

## PETITION FOR WRIT OF HABEAS CORPUS

———

## MEMORANDUM OF LAW IN SUPPORT

## OF

## PETITION FOR WRIT OF HABEAS CORPUS

———

By:
    Aundre Rashad Woodland 881703
    Petitioner in Pro Se
    Saginaw Correctional Facility
    9625 Pierce Road
    Freeland, Michigan 48623

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUNDRE RASHAD WOODLAND,

        Petitioner,

v                                Case No:
                                Honorable:
                                MAGISTRATE:

THOMAS WINN, WARDEN,

        Respondent.
_____/

PETITION FOR WRIT OF HABEAS CORPUS

———

Petitioner Aundre Rashad Woodland comes before this Honorable Court in Pro Se pursuant to 28 U.S.C. 2254(D) submitting Petition For Writ Of Habeas Corpus following exhaustion of State remedies.

In support of Petition, Petitioner states:

1.) Petitioner is a United States citizen.

2.) Petitioner is a State prisoner incarcerated within Saginaw Correctional Facility locate in Freeland, Michigan. Prison number 881703.

3.) Petitioner's incarceration arises from being tried and convicted of the following offense(s):

1

4.) Count II - Conspiracy to commit Assault With Intent To Murder.

5.) Petitioner was originally charged with Assault With Intent To Murder, and Conspiracy To Commit Assault With Intent To Murder.

6.) On June 3, 2013 following trial by jury before the Honorable Ulysses W. Boykin, presiding Judge within the Circuit Court for the County of Wayne, Petitioner was found not guilty of Assault With Intent To Commit Murder and found guilty of Conspiracy To Commit Assault With Intent To Murder.

7.) On July 11, 2013 Petitioner was sentenced 10 years to 20 years imprisonment. Docket Number 12-010753-01-FC.

8.) Petitioner exercised appeal as of right within the Michigan Court of Appeals who affirmed on December 14, 2014. Docket number 317384.

9.) On June 30, 2015 Michigan Supreme Court denied leave. Docket number 151086.

10.) Petitioner appealed to the United States District Court who held Petitioner's Petition in abeyance until Petitioner exhausted State remedies.

11.) Petitioner submitted Motion For Relief From Judgment within Wayne County Circuit Court who denied relief on April 1, 2016.

12.) Petitioner appealed to Michigan Court of Appeals who affirmed on September 23, 2016. Docket No. 334929. Petitioner appealed to the Michigan Supreme Court who denied leave on September 12, 2017. Docket number 155001.

13.) Petitioner was represented during trial proceedings by Defense Counsel:

> Maria Mannarino (P39531)
> 431 Gratiot Avenue
> Detroit, Michigan 48226

14.) On Appeal as of Right Petitioner was represented within Michigan Court of Appeals by Appellate Counsel:

> Nicholas J. Vendittelli (P30770)
> 6053 Chase Road
> Dearborn, Michigan 48126

15.) Petitioner entered Michigan Supreme Court in Pro Per.

16.) There is a Petition For Writ Of Habeas Corpus pending within this Honorable Court awaiting final outcome of Petitioner's exhaustion of State remedies.

17.) Petitioner raises issues herein unrelated to those raised on Appeal as of Right.

3

18.) Petitioner is appealing Michigan Court Of Appeals' affirmation, requesting this Honorable Court to reverse Michigan Court Of Appeals' order, remand Petitioner to Circuit Court for Evidentiary Hearing, or any other relief this Court deems necessary.

19.) Petitioner further requests appointment of counsel should this Court issue writ and remand.


Dated: September 18, 2017

Respectfully Submitted,

Aundre R. Woodland #881703
Aundre R. Woodland 881703
Petitioner in Pro Se
Saginaw Correctional Facility
9625 Pierce Road
Freeland, Michigan 48623

4

STATEMENT OF VERIFICATION

I, Aundre Rashad Woodland swear the Petition For Writ Of Habeas Corpus, Memorandum Of Law In Support Of Petition For Writ Of Habeas Corpus and contents thereof are true to the best of my knowledge, information and belief, my signature attests to said pursuant to MCR 2.114.

Dated: September 18, 2017

Signed,

Aundre R. Woodland #881703
Aundre R. Woodland 881703
Petitioner in Pro Se
Saginaw Correctional Facility
9625 Pierce Road
Freeland, Michigan 48623

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUNDRE RASHAD WOODLAND,

        Petitioner,

v.                                                        Case No:
                                                          Honorable:
                                                          MAGISTRATE:

THOMAS WINN, WARDEN,

        Respondent.
_____/

MEMORANDUM OF LAW IN SUPPORT

OF

PETITION FOR WRIT OF HABEAS CORPUS

———

## TABLE OF CONTENTS

                                                              PAGE/S

INDEX OF AUTHORITIES........................................ ii-iv

STATEMENT OF JURISDICTION................................. v

STATEMENT OF QUESTIONS PRESENTED...................... vi

STANDARD OF REVIEW....................................... vii

STATEMENT OF FACTS...................................... 1-2

ARGUMENTS IN SUPPORT.................................. 3-22

RELIEF REQUESTED...................................... 23

**QUESTIONS PRESENTED:**

### I

WHETHER PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT WHERE THE TRIAL COURT LACKED JURISDICTION TO FIND PETITIONER GUILTY OF AN UNCHARGED OFFENSE PER THE MAGISTRATE'S RETURN TO CIRCUIT COURT?

### II

WHETHER PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT WHERE THE COURT SCORED OFFENSE VARIABLES CONTRARY TO FACTS OF THE TRIAL OR ADMITTED BY PETITIONER CONTRARY TO THE LEGISLATIVE INTENT OF THE SCORING GUIDELINES?

### III

WHETHER PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT WHERE THE PROSECUTION FAILED TO PRODUCE LEGALLY SUFFICIENT EVIDENCE TO IDENTIFY PETITIONER AS A CONSPIRATOR TO A.W.I.M. BEYOND A REASONABLE DOUBT?

INDEX OF AUTHORITIES

PAGE/S

ARBAUGH v Y & H Corp., 546 US 500 (2006)............... 7

DIRECT SALES CO. v UNITED STATES, 319 US 703 (1943)... 16

EVITTS v LUCEY, 469 US 387 (1985)..................... 20

GENESEE PROSECUTOR v GENESEE CIR. JUDGE,
            391 Mich 115 (1974).............. 4

GLOVER v U.S., 531 US 198 (2001)...................... 12

HICKS v STRAUB, 377 F. 3d 538 (2004).................. 21

IN RE INVESTIGATIVE SUBPOENAS,
            286 Mich App 201 (2008).......... 3

IN RE WINSHIP, 397 US 358 (1970)...................... 13

JACKSON v VIRGINIA, 99 S. Ct 2781 (1979).............. 13

KIMBROUGH v UNITED STATES, 552 US 85 (2007).......... 12

MAPES v COYLE, 171 F. 3d 408 (1999).................... 21

MIDDLETON v MCNEIL, 541 US 433 (2004)................. 8

NEWMAN v MATRISH, 543 F. 3d 793 (2008)................ 16

PEOPLE v AUSTERN, 121 Mich App 107 (1983)............. 5

PEOPLE v BLACKMON, 280 Mich App 253 (2008)........... 3

PEOPLE v EVANS, 72 Mich 367 (1888).................... 5

PEOPLE v GREENE, 477 Mich 1129 (2007)................. 10

PEOPLE v GINTHER, 390 Mich App 443 (1973)............ 22

PEOPLE v HAMPTON, 407 Mich 354 (1979)................ 13

PEOPLE v HORNSBY, 251 Mich App 462 (2002)............ 8

PEOPLE v HOUSTON, 261 Mich App 471 (2004)............ 8

PEOPLE v JOHNSTON, $&* Mich 903 (2007)................ 10

PEOPLE v KERN, 6 Mich App 406 (1967).................. 14

PEOPLE v LEWIS, 287 Mich App 356 (2010)............... 16

INDEX OF AUTHORITIES -- CONT'D

PAGE/S

PEOPLE v LOCKRIDGE, 2015 Mich Lexis 1774................ 9,12

PEOPLE v MCLAUGHLIN, 258 Mich App 635 (2003)........... 8

PEOPLE v OWENS, No. 307090 (2014) WL 1401932........... 6

PEOPLE v PATTERSON, 428 Mich 502 (1987)................ 13

PEOPLE v PICKENS, 446 Mich 298 (1994).................. 20

PEOPLE v REED, 449 Mich 375 (1995)..................... 12,20

RICHARDSON v UNITED STATES, 526 US 813 (1999).......... 15

SALINAS v UNITED STATES, 522 US 52 (1997).............. 16

STRICKLAND v WASHINGTON, 446 US 668 (1984)............. 20

STUDIER v MICHIGAN PUBLIC SCHOOL EMPLOYEE'S
        RETIREMENT BOARD, 472 Mich 642 (2005)........ 20

TODD v MICHIGAN DEPARTMENT OF CORRECTIONS,
        232 Mich App 623 (1998)...................... 7

UNITED STATES v BOOKER, 543 US 220 (2005).............. 9

UNITED STATES v BROCE, 488 US 563 (1989)............... 16

UNITED STATES v DOUCET, 994 F. 2d 169 (1993)........... 5

UNITED STATES v FALCONE, 311 US 205 (1940)............. 17

UNITED STATES v GATEWOOD, 173 F. 3d 983 (1999)......... 4

UNITED STATES v GOYAL, 629 F. 3d 912 (2010)............ 16

UNITED STATES v LOVINS, 993 F. 2d 1244 (1993).......... 8

UNITED STATES v MORGAN, 385 F. 3d 196 (2004)........... 18

UNITED STATES v WHITE, 932 F. 2d 588 (1991)............ 18

U.S. v CHEN, 378 F. 3d 151 (2004)...................... 18

U.S. v SCHRAY, 383 F. 3d 430 (2004).................... 12

U.S. v SLIWO, 620 F. 3d 630 (2010)..................... 18

## INDEX OF AUTHORITIES -- CONT'D

PAGE/S

MCL 750.316A(c)..................................... 3,6

MCL 750.316(1)(a)(2)(c)(iii)........................ 3

MCL 750.157(a)...................................... 3,15,18

MCL 750.316......................................... 4,6

MCL 750.83(c)....................................... 4,6,15

MCL 767.45.......................................... 5

MCL 767.71.......................................... 5

MCL 769.34.......................................... 9

MCL 777.31.......................................... 10

MCL 777.36.......................................... 11

MCL 777.62.......................................... 11

MCR 6.508(D)(3) & (iii)............................. 6

MCR 6.508(D)(3)(b)(iv).............................. 12

MCR 6.508(D)(3)(a).................................. 21

MCR 6.508(C)........................................ 22


CONST AM V.......................................... 3

CONST AM VI......................................... 3,8,20

CONST AM XIV........................................ 3,4,8,20

MICH CONST Art 1, ss 17............................. 4


CJI 10.1-105........................................ 15


28 USC 2254(D)(1)................................... 8

## STATEMENT OF JURISDICTION

28 USC 2254(d) provides a one (1) year period in which to submit Petition For Writ Of Habeas Corpus following decision of the highest State court.

On September 12, 2017 Michigan Supreme Court denied leave. Therefore, Petitioner is timely and this Honorable Court may obtain jurisdiction.

▼

## STATEMENT OF QUESTIONS PRESENTED

### I

WHETHER PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT WHERE THE TRIAL COURT LACKED JURISDICTION TO FIND PETITIONER GUILTY OF AN UNCHARGED OFFENSE PER THE MAGISTRATE'S RETURN TO CIRCUIT COURT?

**RESPONDENT SAYS "NO"**
**PETITIONER SAYS "YES"**

### II

WHETHER PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT WHERE THE COURT SCORED OFFENSE VARIABLES CONTRARY TO FACTS OF THE TRIAL OR ADMITTED BY PETITIONER CONTRARY TO THE LEGISLATIVE INTENT OF THE SCORING GUIDELINES?

**RESPONDENT SAYS "NO"**
**PETITIONER SAYS "YES"**

### III

WHETHER PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT WHERE THE PROSECUTION FAILED TO PRODUCE LEGALLY SUFFICIENT EVIDENCE TO IDENTIFY PETITIONER AS A CONSPIRATOR TO A.W.I.M. BEYOND A REASONABLE DOUBT?

**RESPONDENT SAYS "NO"**
**PETITIONER SAYS "YES"**

## STANDARD OF REVIEW

The standard of review for a habeas corpus petition is set forth in 28 U.S.C.A. 2254(d). That section provides that the writ may be granted if the State appeal:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or,

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

## STATEMENT OF FACTS

Petitioner was charged with Count I Assault With Intent To Murder and Count II Conspiracy To Commit Assault With Intent To Murder. Following trial by jury, Petitioner was acquitted of Count I and found guilty of Count II.

Petitioner was sentenced 10 years to 20 years imprisonment by presiding Judge Ulysses W. Boykin Circuit Court Judge for the County of Wayne.

The charge and conviction arises from Petitioner having an altercation with Robert Butler when Butler discovered Petitioner in the bed with Butler's girlfriend.

Butler testified after the altercation, Petitioner left the residence and then returned, calling Butler outside where upon stepping off the porch, an unknown gunman came out of the bushes and begin shooting at Butler. Butler as well testified that he never seen the Petitioner and the unknown gunman together and that the Petitioner left the scene before the gunman.

On appeal, Michigan Court of Appeals and Michigan Supreme Court affirmed and denied leave respectively. There is a pending Petition For Writ Of Habeas Corpus within this Honorable Court awaiting exhaustion of State remedies.

1

Petitioner submitted Motion For Relief From Judgment within Wayne County Circuit Court to commence exhaustion of State remedies, whereas that Court denied said on April 1, 2016. Petitioner sought relief within the Michigan Court of Appeals who affirmed on September 23, 2016. Docket number 334929.

Petitioner appealed further to the Michigan Supreme Court who denied leave on September 12, 2017. Docket number 155001. Petitioner now appeals Michigan Court of Appeals' ruling within this Honorable Court.


Dated: September 18, 2017                    Respectfully Submitted,

                                             Aundre R. Woodland #881703
                                             Aundre R. Woodland 881703
                                             Petitioner in Pro Se
                                             Saginaw Correctional Facility
                                             9625 Pierce Road
                                             Freeland, Michigan 48623

2

ARGUMENTS IN SUPPORT

I

PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT WHERE THE TRIAL COURT LACKED
JURISDICTION TO FIND PETITIONER GUILTY OF AN UNCHARGED OFFENSE PER THE
MAGISTRATE RETURN TO CIRCUIT COURT. U.S. CONST, AMS V, VI, XIV.

STANDARD OF REVIEW: Whether a trial court has subject matter jurisdiction
is a question of law to be reviewed de novo. IN RE INVESTIGATIVE SUBPOENAS,
286 Mich App 201 (2009). Whether an error is constitutional in nature is
an issue of law to be reviewed de novo. PEOPLE v BLACKMON, 280 Mich App 253
(2008).

Petitioner was originally charged with one count of Assault With Intent
To Murder one Richard Butler on July 4, 2010 at the home of Butler's
children's mother at 4443 Third Street in the City of Detroit, Michigan.
Petitioner denied having anything to with the shooting. Although reportedly
he had been assaulted previously be the Complainant and two other men,
Petitioner was arrested in this matter on November 2, 2012, almost 28 months
after the shooting of Complainant.

On November 14, 2012 Petitioner was bound over on the charged Assault With
Intent To Murder and an amended count of Conspiracy To Commit Assault With
Intent To Murder - MCL 750.316A(C). In each entry in the Petitioner's record
the Conspiracy charge is improperly listed (e.g. MCL 750.316A(C)). A review
of the statute supports that Petitioner was never bound over on conspiracy
per the MCL listed. The charge of conspiracy is a specifically charged MCL
or subsection contained in an MCL. To charge conspiracy to murder, the proper
annotation would be MCL 750.316(1)(a)(2)(c)(iii) or simply combine MCL
750.157a with another substantive offense. Both the District Court's Register
of Actions and the Magistrate's Return indicate a Murder charge not a
conspiracy charge. See Exhibit D and Exhibit F.

3

Although APA Kam Towns filed an amended Felony Information she neither corrected nor dismissed the incorrect charging instrument of an incorrect citing of the murder statute under MCL 750.316.

This information has been noted by the Department of Corrections since the statute on the Judgment of Sentence reads Conspiracy AWIM MCL 750.83(C). MCL 750.83 does not have any listed subsections. The C behind 750.83 has no basis of law nor has this citing as law been prescribed by any legislative intent found in writing or case law. (See Exhibit C).

Due Process Clause is found in both the State and Federal Constitutions. Mi. Const Art 1 ss 17; U.S. Const Am XIV. Fundamental to procedural due process is adequate notice prior to the government's deprivation of ones' life, liberty or property and an opportunity to be heard and defend one's right to life, liberty or property.

Here, Petitioner rightfully contends there is no statute of MCL 750.83C nor was Petitioner properly bound over on this charge.

It is axiomatic that "Jurisdiction of a criminal Petitioner is acquired by the circuit court upon the filing of the return of the Magistrate before whom the Petitioner had been examined." GENESEE PROSECUTOR v GENESEE CIRCUIT JUDGE, 391 Mich 115, (1974). A jurisdictional challenge to indictment may be raised at anytime UNITED STATES v GATEWOOD, 173 F. 3d 983 (6th Cir 1999).

The finding by examining Magistrate that a crime had occurred and there was probable cause to belief Petitioner was guilty is a necessary prerequisite to the filing of information. This binding conclusion and finding is a judicial determination and constitutes the basis of the right of prosecuting attorney to proceed in circuit court by filing an information against Petitioner. Without such finding and determination by the Magistrate, the prosecution is without jurisdiction to proceed to circuit court by filing an information. PEOPLE v EVANS, 72 Mich 367; 40 NW 473 (1888). The information occurs after and depends upon the bindover for possible charges.

MCL 767.45 requires an information contain the nature of the offense in language which will fairly appraise the accused and the court of offenses charged. MCL 767.71 provides that indictment or information charging murder need only set forth that Petitioner did murder the deceased. Here, because the Magistrate failed to indicate the proper intent of the amended/added charge on conspiracy, the Petitioner could not have been heard on conspiracy or found guilty of conspiracy to AWIM. More importantly no death occurred and an acquittal on the substantive offense of AWIM precluded the conviction of any charges not found in the Magistrate's return. Double jeopardy is applicable here and this Court my hear this claim since Petitioner was sentenced under the wrong statute. PEOPLE v AUSTERN, 121 Mich App 107 (1983). The amendment on its face is an improper amendment of indictment UNITED STATES v DOUCET, 994 F. 2d 169 (1993).

5

Petitioner could have legally been bound over on a charge of conspiracy to commit first degree murder as in PEOPLE v OWENS, No. 307090, 2014 WL 1401932 ((April 10, 2014). OWENS was later found guilty of Assault With Intent To Do Great Bodily Harm after a requested lesser included offense instruction, but first had to be correctly charged with conspiracy to commit first degree murder under MCL 750.316; MCL 750.157a.

Prejudice occurred where trial counsel did not ensure that Petitioner had been bound over on the correct charged offense as added/amended at the preliminary examination. Counsel did not object and or correct the defect in the felony information or request a dismissal of the murder charge. Prejudice is further shown by the acquittal of the offense of AWIM and being convicted of an offense not charged in the felony bindover.

Cause is established where Petitioner could not have discovered the factual predicate to this claim because he was not privy to a copy of the Return and the direct appeal process precluded Petitioner's ability to factually develop this claim. Petitioner was denied access to trial records during appellate review. Petitioner discovered this error once he requested specific documents after Michigan Supreme Court's denial.

Petitioner's sentence should be set aside and he should be unconditionally released from incarceration since Petitioner was not found guilty under MCL 750.316A(C). MCR 6.508(D)(3)&(iii)

6

TRIAL COURT WAS ERRED IN ITS' DENIAL OF RELIEF FROM JUDGMENT


The trial court in its' opinion denying relief from judgment cited numerous authorities in a series of citations in support of its' position, but erred as a matter of law, because a party cannot consent to a jurisdictional defect, nor have the Petitioner waive this issue by not raising it in the trial court or on direct appeal. The issue of subject matter jurisdiction may be raised at anytime, even for the first time on appeal TODD v MICHIGAN DEPARTMENT OF CORRECTIONS, 232 Mich App 623 (1998). When a court lacks jurisdiction over the subject matter, any action it takes other than to dismiss the case, is absolutely void. Id at 628.

It is well established law that "Courts ... have an independent obligation to determine whether subject matter jurisdiction exists, even in absence of a challenge from any party. ARBAUGH v Y & H CORP., 546 US 500 (2006). Subject matter also cannot be forfeited or waived. Id at 508.

It was an error of law for the trial court to contend that since defense counsel did not raise this issue in its' motion to quash the information that there was an explicit consent. (MRJ Slip Op at 4).

Therefore, Petitioner in this instance is entitled to relief for the foregoing reasons set forth.

7

## ARGUMENTS IN SUPPORT

### II

PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT WHERE THE COURT SCORED OFFENSE VARIABLES CONTRARY TO FACTS OF THE TRIAL OR ADMITTED BY PETITIONER CONTRARY TO THE LEGISLATIVE INTENT OF THE SCORING GUIDELINES: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO OBJECT TO THE SCORING. CONST AMS VI, XIV.

STANDARD OF REVIEW: A trial court's scoring of guidelines is reviewed to determine whether the court properly exercised its discretion and whether the evidence supports the scoring. PEOPLE v HOUSTON, 261 Mich App 471 (2004). A petitioner must be allowed to appeal his sentence if he identifies a specific legal error in the formulation of the sentence. UNITED STATES v LOVINS, 993 F. 2d 1244 (6th Cir 1993).

Scoring decisions for which there is no evidence in support will not be upheld. PEOPLE v HORNSBY, 251 Mich App 462 (2002) This Court is requested to review the scoring to determine whether the sentencing court properly exercised its discretion and whether the evidence adequately supported a particular score. PEOPLE v MCLAUGHLIN, 258 Mich App 635 (2003).

A State court's adjudication of a constitutional claim must not be contrary to or involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 USC 2254(d)(1). The State court's application of governing federal law, when challenged, must not be erroneous or objectively unreasonable. MIDDLETON v MCNEIL, 541 US 433; 124 S.Ct 1830; 158 L. Ed2d 701 (2004).

On July 29, 2015 the Michigan Supreme Court decided PEOPLE v LOCKRIDGE, 2015 Mich Lexis 1774, holding that "Consistent with the remedy imposed by the United States Supreme Court in UNITED STATES v BOOKER, 543 US 220; 125 S.Ct 738; 160 L. Ed2d 621 (2005) we hold that a guidelines minimum sentence range in violation of APPRENDI and ALLAYNE, is advisory only and that sentences that depart from this threshold are to be reviewed by appellate courts for reasonableness. BOOKER, supra. To preserve as much as possible the legislative intent in enacting the guidelines, however, we hold that the sentencing court must determine the applicable range and take it into account when imposing a sentence. See LOCKRIDGE at *2 fn 1.

The Court further held that any part of MCL 769.34 or another statute refers to the use of the sentencing guidelines as mandatory or refers to departure from the guidelines, that part of the statute is also severed or struck down as necessary.

In this case, trial counsel basically moved for a departure to a sentence under the guidelines. Trial counsel did not question the correctness of the offense variables scored.

On July 11, 2013 Petitioner appeared for sentencing before the Honorable Ulysses W. Boykin. Petitioner objected to being scored OV2 being scored at 5 points (weapon used). The court scored OV2 under multiple offender.

9

Petitioner contends that the court erred by scoring OV1, OV2 and OV3 since the OV's were scored under the theory of a multiple offender case. Petitioner is entitled to resentencing because he was the only offender convicted and was not found guilty of a firearm violation. PEOPLE v JOHNSTON, 478 Mich 903 (2007). This is not a multiple offender case for the purpose of MCL 777.31(2). The absence of 55 points would reduce the total OV to 35 points and A-II (27-45 Months). The fact that defense counsel stipulated to the scoring of the variables is not dispositive. PEOPLE v GREENE, 477 Mich 1129 (2007).

Petitioner contends the trial court at sentencing had adequate information that OV6 was overscored. The trial court heard defense counsel's motion to quash. Defense counsel indicated that "The complainant indicated he saw someone, not the Petitioner approach with a gun, complainant reached for and grabbed the barrel of the gun and it went off, striking the complainant. The shooter pursued the complainant and attempted to rob him, telling the complaint to run his phone or words to that effect. Petitioner was not seen doing or saying anything to or with the shooter. (Motion to Quash).

MCL 777.36(2)(b) allows the scoring of 10 points if a killing is intentional within the definition of second degree murder or voluntary manslaughter, but death occurred in a combative situation or in response to victimization of the offender by the decedent. Here, it is clear that Mr. Butler grabbed a loaded weapon for whatever reason, to disarm the attacker or because of his intoxication or sheer bravado. Butler admits that the weapon discharged after he grabbed the weapon. The court had discretion to rule on evidence testified to by the alleged victim.

The reduction in scoring OV6 to 10 points would lower the total OV points to 20 and A-II under MCL 777.62.

People's position was that Petitioner was the leader. He got the gunman, the gun and positioned him, then lured Mr. Butler out. There is no other way to interpret the gunman being there. Petitioner contends use of slight evidence fails to prove conspiracy. The mere presence alone theory is insufficient to prove conspiracy. The gunman stated his intent was to rob Butler. To cite that Petitioner conspired to rob Butler was contrary to evidence adduced at trial. The alleged motive was revenge.

Butler's own testimony leaves doubt the Petitioner was working in concert with the gunman. Butler testified that he never saw the gunman point the weapon at Petitioner but after he turned toward the gunman coming out of the bushes, he did not see Petitioner again.

11

Butler also testified previously that he did not know whether Petitioner and the gunman were together.

The fact that Petitioner's vehicle was left behind and had sustained bullet damages is an indication that Petitioner may have believed it was a robbery as well. Testimony of Ms Keys supports that there was another suspect, not Petitioner and that Keys had actually seen the person. OV14 should be re-scored at 0 points for a total OV score of 10 points, A-I. This new score would require resentencing.

The Court imposed a sentence contrary to established law, because the court did not give consideration to the guidelines. KIMBROUGH v UNITED STATES, 552 US 85 (2007). MCR 6.508(D)(3)(b)(iv) allows a court to review inaccurate sentence on collateral review on a motion for relief from judgment. A sentence is appealable where a sentencing court fails to understand the scope of its authority. U.S. v SCHRAY, 383 F. 3d 430 (6th Cir 2004).

Plain error is applicable because counsel did not object to the OV scoring and incorrectly argued others. PEOPLE v LOCKRIDGE, 2015 Mich Lexis 1774, explaining plain error review on sentencing grounds. Ineffective assistance of trial and appellate counsel may serve as cause for procedural default. PEOPLE v REED, 449 Mich 375 (1995). Prejudice is demonstrated where Petitioner is serving a longer term of incarceration. GLOVER v U.S., 531 US 198 (2001).

12

ARGUMENTS IN SUPPORT

III

**PETITIONER IS ENTITLED TO RELIEF FROM JUDGMENT WHERE THE PROSECUTION FAILED TO PRODUCE LEGALLY SUFFICIENT EVIDENCE TO IDENTIFY PETITIONER AS A CONSPIRATOR TO AWIM BEYOND A REASONABLE DOUBT; APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILURE TO RAISE A CLAIM OF INSUFFICIENCY OF EVIDENCE AND OTHER GROUNDS ON APPEAL. U.S. CONST AMS VI, XIV.**

Preservation of insufficiency of evidence claim is not required for review. PEOPLE v PATERSON, 428 Mich 502 (1987). A claim that evidence was insufficient to support a conviction is a question of law that is reviewed de novo where one views evidence to justify a reasonable trier of fact in finding that each of the elements of the offense was proven beyond a reasonable doubt. JACKSON v VIRGINIA, 443 US 307; 99 S. Ct 2781; 61 L. Ed2d 560 (1970); PEOPLE v HAMPTON, 407 Mich 354 (1979).

The Due Process Clause of both State and Federal Constitutions prohibit a criminal conviction absent proof beyond a reasonable doubt that the accused is guilty of all essential elements of the crime charged. IN RE WINSHIP, 397 US 358 (1970). This high standard of proof was developed to safeguard citizens from dubious and unjust convictions. As reasoned in WINSHIP, "No man should be deprived of his life under the forms of law unless the jurors are able to say the evidence is sufficient to show beyond a reasonable doubt existence of every fact necessary to constitute the crime charged." A conviction based on insufficient evidence is unconstitutional and must be reversed if the evidence failed to satisfy the burden of proof. JACKSON v VIRGINIA; PEOPLE v HAMPTON, supra.

13

According to PEOPLE v KERN, 6 Mich App 406 (1967) "As an essential part of his case, the prosecutor must identify the accused as the person who committed the alleged offense." Further, the KERNS court stated: "The duty of the prosecutor is to identify the accused is an element of his general duty to prove a defendant's guilt beyond a reasonable doubt. Certainly proof of the defendant's connection with the alleged offense is an indispensable element of that duty." Id at 409. The prosecution may establish identity by either direct testimony or circumstantial evidence. Id at 409-10.

Petitioner contends here, the Prosecutor neglected to establish either directly or circumstantially that Petitioner was involved in the commission of the substantive offense Assault With Intent To Murder or Conspiracy to commit Assault With Intent To Murder.

The defense did not dispute that an assault with a weapon occurred on Mr. Butler. Rather, it consistently maintained that Petitioner was not the perpetrator or conspired with the perpetrator. The only legitimate evidence that the Prosecutor had was that Mr. Butler had assaulted the Petitioner with two of his cousins and that Petitioner was forced to leave Ms. Keys's residence half clothed. As alleged by Butler the Petitioner had returned to settle the score and he went outside to talk to a person he had violently assaulted for sleeping with his children's mother.

Ms. Keys denied that Petitioner was the perpetrator and that she saw two other men that were not the Petitioner.

Petitioner was found not guilty of Assault With Intent To Murder, the substantive offense, and found guilty of the Conspiracy to the substantive offense.

14

Under Michigan law - MCL 750.157a, any person who conspires together with one or more person to commit and offense prohibited by law, or to commit a legal act in an illegal manner is guilty of conspiracy.

(a) Except as provided in paragraph (b), (c) and (d) if commission of the offense prohibited by law is punishable by imprisonment of 1 year or more, a person convicted under this section shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit and in the discretion of the court an additional penalty of a fine of $10,000.00 may be imposed.

Under Michigan law - MCL 750.83, Any person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony punishable by imprisonment in the State prison for life or any number of years. Thus, the penalty determined for conspiracy is referenced by the substantive offense. CJI2d 10.0-105.

Criminal conspiracy has four elements, each of which the prosecution must prove beyond a reasonable doubt. RICHARDSON v UNITED STATES, 526 US 813 (1999) which states: "A jury cannot convict unless it unanimously finds that the government has proved each element."

A conspiracy exists where there is (1) an agreement between at least two parties (2) to achieve an illegal goal (3) where the parties possess knowledge of and participate in the conspiracy and (4) where at least one conspirator committed an overt act in furtherance of conspiracy.

15

AGREEMENT – The first element and the essence of a conspiracy is an agreement to commit an unlawful act UNITED STATES v BROCE, 488 US 563 (1989) holding the agreement is all by synonymous with the conspiracy itself. Circumstantial evidence and reasonable inference may be used to prove the elements of the crime. PEOPLE v LEWIS, 287 Mich App 356 (2010). However, there are times when circumstantial evidence amounts to only a reasonable speculation and not sufficient evidence NEWMAN v METRISH, 543 F. 3d 793 (6th Cir 2008). The court when reviewing the sufficiency of evidence is limited to allowing only reasonable inferences to be drawn. It is improper for a jury to have piled inference upon inference in reaching the conclusion of conspiracy. DIRECT SALES CO. v UNITED STATES, 319 US 703 (1943); UNITED STATES v GOYAL, 629 F. 3d 912 (2010) reversing that defendant's conviction for security fraud because the government's proof on materiality was lacking and a jury finding for the government would have been based on mere speculation rather then reasonable inference.

Here, Prosecution failed to prove an agreement existed between the gunman and Petitioner. Therefore, the first element of conspiracy was not met.

The second element of conspiracy is the presence of an illegal goal. A conspirator must intend to further an endeavor which if completed would satisfy a substantive offense, but is suffices that he adopts the goal of furthering the criminal endeavor. SALINES v UNITED STATES, 522 US 52 (1997).

The testimony of the victim shows he went outside after Petitioner returned, allegedly to fight. The testimony of Ms. Tania Keys is quite to the contrary that Butler went outside and the Petitioner was not the person seen or the person that Butler had been talking to, but someone else by the voice she heard. Butler testified that after confronting Petitioner and the gunman appeared out of the bushes in the attempt to robe him he grabbed the gunman's weapon and it discharged, causing him to be shot. The story further is that Petitioner fled the scene of the robbery. Butler determined that the shooting was a robbery because the shooter ran to him and said something about a phone "Run the phone" or something like that.

Butler did not know whether the Petitioner and gunman were together. The testimony of the victim and Ms. Keys both do not support an illegal goal of an attempt to murder by the Petitioner or conspiring with another person. The evidence does support that at least one other person knew that Butler and Keys were having some type of physical disturbance or physical altercation.

The third element of conspiracy is that Petitioner must have knowledge of the conspiratorial agreement and have voluntarily participated in it. UNITED STATES v FALCONE, 311 US 205 (1940). Those having no knowledge of the conspiracy are not conspirators.

Conspiracy is a specific intent crime, meaning the prosecution must establish that the Petitioner has specific intent to engage in the conspiracy.

In UNITED STATES v MORGAN, 385 F. 3d 196 (2004) the Court held "For a defendant to be guilty of conspiracy, there must be some evidence that she knew of the existence of the scheme and knowingly joined and participated in it, but proof only that she knew some crime would be committed is not enough.

In UNITED STATES v WHITE, 932 F. 2d 588 (6th Cir 1991) the Sixth Circuit Federal Court held that "A line must be drawn between valid circumstantial evidence and evidence which requires a leap of faith in order to support a conviction. The government must show more than closely coordinated activity, for a conspiracy conviction and must prove knowledge and intent beyond a reasonable doubt." U.S. v SLIWO, 620 F. 3d 630 (6th cir 2010).

Here, the Prosecution sought to develop a theory to fit the facts, it employed ruthless facts in the effort to persuade the jury of Petitioner's participation, which Petitioner contends misled and/or confused the jury to find him guilty of something but not the substantive offense.

This Court should note that an acquittal on the substantive offense of Assault With Intent To Murder precludes the conviction on conspiracy because the necessary proof on the substantive offense is identical to that required to convict on the conspiracy count. See U.S. v CHEN, 378 F. 3d 151 (2004); MCL 750.157a. The Petitioner was found not guilty of Assault With Intent To Murder.

The Prosecutions' theory was that Petitioner's motive of revenge. Petitioner called the victim outside, and he willingly came to fight the Petitioner. The occurrance happened about 15 minutes later. The cousins did not come outside nor admitted to police that Petitioner shot their cousin Mr. Butler. The cousins were uncooperative and irate and refused to speak to police.

Butler, on two occasions after assaulting Petitioner answered the door to Key's residence. The first time after someone from the neighborhood came to check on the disturbance, and the second time after a loud knock on the door.

The cousins of Butler did not appear at trial and Prosecutor contended they could not be found.

Trial records support that an assault occurred on the Complainant when he grabbed the weapon and it discharged. The evidence demonstrates that Ms. Keys witnessed the Complainant struggling in the parking lot to wrestle the gun from the gunman. The man did not rob her. The version of events as testified by witnesses, supports that Butler had been a victim of an attempted robbery. That Keys interrupted the robbery and that the robber did not have intent to harm but due to the sudden attack on the robber the weapon discharged.

Two intervening circumstances can occur at the same time: others knew Butler was there with the Stark brothers, there was a disturbance in the Keys' residence.

The defense requested that the Stark brothers be made available because Keys reports that she did not move Butler in the home after being shot and that the Starks were downstairs when complainant answered the door both times. There is a likelihood that the complainant knew his attackers and they knew he was located at the Keys' home.

Prosecution did not demonstrate by an overt act that Petitioner was privy to attempted murder or conspired to rob the complainant. Without sufficient evidence to support a conspiracy the conspiracy conviction should not be allowed to stand.

The Court should note that Petitioner was found not guilty of aiding and abetting Assault With Intent To Murder. Since Petitioner is found not guilty of aiding and abetting, he cannot be found guilty of a conspiracy that allows for the same proof of the substantive offense on both counts.

This Court must still rule on the jurisdictional defect in the bindover because the bindover indicates that Petitioner was bound over on a murder-conspiracy charge improperly written and no one in this case was murdered.

In regards to Appellate Counsel, The Sixth Amendment right to effective assistance of counsel includes the right to effective assistance of Appellate Counsel. EVITTS v LUCEY, 469 US 387 (1985); PEOPLE v REED, 449 Mich 375 (1995); Ineffective assistance of counsel claims are reviewed de novo. PEOPLE v PICKENS, 446 Mich 298 (1994); STRICKLAND v WASHINGTON, 466 US 668 (1984); STUDIER v MICHIGAN PUBLIC SCHOOL EMPLOYEE'S RETIREMENT BOARD, 472 Mich 642 (2005).

The Federal law governing ineffective assistance of appellate counsel is not only firmly established, but it has been applied by the Michigan Court as "cause" to excuse procedural default under M.C.R. 6.508(D)(3)(a).

Petitioner contends in reference to a claim of ineffective assistance of appellate counsel, there cannot be any procedural default because collateral review under 6.500 was first opportunity for raising ineffective assistance of appellate counsel claims. HICKS v STRAUB, 377 F. 3d 538 (6th Cir 2004).

In the case at bar, Petitioner raised three issues in his Motion For Relief From Judgment. Petitioner asserts and the record on Direct Appeal supports that appellate counsel did not raise these issues on appeal as of right.

Under the Sixth Circuit standards for appellate counsel, in accordance with MAPES v COYLE, 171 F. 3d 408 (6th Cir (1999), the Court considered eleven (11) factors in determining whether an attorney on direct appeal acted in accordance with the objective standard of reasonableness. Those factors are as follows:

(1) Were the omitted issues significant and obvious?

(2) Was there arguably contrary authority on the omitted issues?

(3) Were the omitted issues clearly stronger than those presented?

(4) Were the omitted issues objected to at trial?

(5) Were the trial court's ruling subject to deference on appeal?

(6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and if so, were the justifications reasonable?

(7) What was appellate counsel's level of experience and expertise?

(8) Did the Petitioner and appellate counsel meet and go over possible issues?

(9) Is there evidence that counsel reviewed all the facts?

(10) Were the omitted issues dealt with in other assignment of error?

(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

Petitioner answers "YES" regarding 1-5, 11 and "NO" to 6-10.

Therefore, since issues involve questions of constitutional law, an Evidentiary Hearing should be held pursuant to PEOPLE v GINTHER, 390 Mich 443 (1973); MCR 6.508(C), to make a testimonial record for appellate review in this Honorable Court.

## RELIEF REQUESTED

WHEREFORE, pursuant to the reasons set forth herein, Petitioner moves this Honorable Court to set aside his conviction and sentence, or in the alternate, assign counsel and order an Evidentiary Hearing on the grounds of ineffective assistance of counsel, correction of an invalid sentence or any relief this Honorable Court deems necessary.

Petitioner further requests appointment of counsel should this Honorable Court issue writ to remand.

Dated: September 18, 2017

Respectfully Submitted,

Aundre R. Woodland #881703
Aundre R. Woodland 881703
Petitioner in Pro Se
Saginaw Correctional Facility
9625 Pierce Road
Freeland, Michigan 48623

23

## <u>LIST OF EXHIBITS</u>

EXHIBIT A – FELONY INFORMATION (8/16/10)

EXHIBIT B – FELONY COMPLAINT (8/17/10)

EXHIBIT C – FELONY WARRANT (8/24/10)

EXHIBIT D – FELONY RETURN TO CIRCUIT CT (11/14/12)

EXHIBIT E – FELONY INFORMATION "AMENDED" (11/27/12)

EXHIBIT F – 36TH DISTRICT CT FELONY REGISTER OF ACTIONS

EXHIBIT G – JUDGMENT OF SENTENCE [JOS]

EXHIBIT H – SENTENCING INFORMATION RPT [SIR]

**EXHIBIT I – OPINION AND ORDER FROM MICHIGAN COURT OF APPEALS**

i.

EXHIBIT [ A ]

FELONY INFORMATION

2010716490

**STATE OF MICHIGAN**

**INFORMATION**
**FELONY**

**CASE NO: 2010716490**

36TH DISTRICT COURT DETROIT
**3rd  Judicial Circuit**

**The People of the State of Michigan**

**vs**

AUNDRE RASHAD WOODLAND 82-10716490-01

**Offense Information**
**Police Agency / Report No.**
DPC1 1007040105
**Date of Offense**
07/04/2010 cdg
**Place of Offense**
FRONT OF 4443 THIRD AVE,  DETROIT
**Complainant or Victim**
ROBERT BUTLER
**Complaining Witness**
INFO AND BELIEF

**STATE OF MICHIGAN, COUNTY OF WAYNE**
**IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN:**  The prosecuting attorney for this county appears before the court and informs the court that on the date and at the location described above, the Defendant(s):

**COUNT 1:**  ASSAULT WITH INTENT TO MURDER
did make an assault and/or did aid and abet in an assault upon ROBERT BUTLER with intent to commit the crime of murder; contrary to MCL 750.83.  [750.83].
FELONY:  Life or any number of years; DNA to be taken upon arrest.

Upon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification profiling samples.

and against the peace and dignity of the State of Michigan.

Kym Worthy
P38875
Prosecuting Attorney

__08/16/2010_____
Date

By: _____
     Bar Number

EXHIBIT [ B ]

FELONY COMPLAINT

2010716490

**STATE OF MICHIGAN**

**COMPLAINT**
**FELONY**

CASE NO:  2010716490

**36TH DISTRICT COURT DETROIT**
**3rd  Judicial Circuit**

100Ş2870

The People of the State of Michigan

vs

AUNDRE RASHAD WOODLAND 82-10716490-01

**Offense Information**
**Police Agency / Report No.**
DPC1 1007040105
**Date of Offense**
07/04/2010 cdg
**Place of Offense**
FRONT OF 4443 THIRD AVE,  DETROIT
**Complainant or Victim**
ROBERT BUTLER
**Complaining Witness**
INFO AND BELIEF

**STATE OF MICHIGAN, COUNTY OF WAYNE**
The complaining witness says that on the date and the location stated above, the defendant, contrary to law,

**COUNT 1:**  ASSAULT WITH INTENT TO MURDER
did make an assault and/or did aid and abet in an assault upon ROBERT BUTLER with intent to commit the crime of murder;
contrary to MCL 750.83.  [750.83].
FELONY:  Life or any number of years; DNA to be taken upon arrest.

Upon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification profiling
samples.
The complaining witness asks that defendant be apprehended and dealt with according to law.

_____
Complaining witness signature

Warrant authorized on  8/17/10  by:
        Date

Stephen Taratuta P46935

Subscribed and sworn to before me on  8/24/2010
                                              Date

_____
Judge/Magistrate/Clerk          Bar no.

AUG 24

MAGISTRATE MILLICENT SHERMAN

EXHIBIT  [C ]

FELONY WARRANT

2010716490

**STATE OF MICHIGAN**

**36TH DISTRICT COURT**
**DETROIT**
**3rd Judicial Circuit**

**WARRANT**
**FELONY**

**CASE NO:** 2010716490

10052870

The People of the State of Michigan

vs

AUNDRE RASHAD WOODLAND 82-10716490-01

**Offense Information**
**Police Agency / Report No.**
DPC1 1007040105
**Date of Offense**
07/04/2010 cdg
**Place of Offense**
FRONT OF 4443 THIRD AVE,  DETROIT
**Complainant or Victim**
ROBERT BUTLER
**Complaining Witness**
INFO AND BELIEF

**STATE OF MICHIGAN, COUNTY OF WAYNE**
**To any peace officer or court officer authorized to make arrest:** The complaining witness has filed a sworn complaint in this court stating that on the date and the location stated above, the Defendant(s), contrary to law,

**COUNT 1:**  ASSAULT WITH INTENT TO MURDER
did make an assault and/or did aid and abet in an assault upon ROBERT BUTLER with intent to commit the crime of murder; contrary to MCL 750.83.  [750.83].
FELONY:  Life or any number of years; DNA to be taken upon arrest.

Upon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification profiling samples.

Upon examination of the complaining witness, there is probable cause to believe that the offense charged was committed and the Defendant committed the offense.  THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN, I command you to arrest and bring the defendant before the Court immediately.

_____   (SEAL)   _____
**Date**         8/24/10                          Judge/Magistrate          Bar no.

AUG 2 4 2010

MAGISTRATE MILLICENT SHERMAN

EXHIBIT [D ]

FELONY RETURN TO CIRCUIT COURT

2010716490

**STATE OF MICHIGAN**                    **CASE NO:** 2010716490

**36TH DISTRICT COURT**          **RETURN TO CIRCUIT COURT**
**DETROIT**                                        **FELONY**
**3rd Judicial Circuit**

100652870

**The People of the State of Michigan**

                        vs
AUNDRE RASHAD WOODLAND 82-10716490-01

**Offense Information**
**Police Agency / Report No.**
DPC1 1007040105
**Date of Offense**
07/04/2010 cdg
**Place of Offense**
FRONT OF 4443 THIRD AVE, DETROIT
**Complainant or Victim**
ROBERT BUTLER
**Complaining Witness**
INFO AND BELIEF

**Charge(s)**
750/83 01

## EXAMINATION WAIVED

1. I, the defendant, understand:
   a. I have a right to employ an attorney.
   b. I may request a court appointed attorney if I am financially unable to employ one
   c. I have a right to a preliminary examination where it must be shown that a crime was committed and probable cause exists to charge me with the crime.

2. I voluntarily waive my right to a preliminary examination and understand that I will be bound over to Circuit Court on the charges in the complaint and warrant (or as amended).

_____        _____        _____
Defendant Attorney                          Bar no              Defendant

3. ___ Examination having been waived, the Defenadant is bound over to the Circuit Court for further proceedings.

## EXAMINATION HELD

4. ☒ Upon examination of the matter I find that an offense not cognizable by a District Judge has been committed and there is probable cause for charging the Defendant with the crime. I bind the Defendant over to the Circuit Court for further proceedings.

Date arraigned: 11-2-12          Defense Attorney: Maria Mannarino  P39531 ℗

Examination held on: 11-14-12

Witness called: _____

## BIND OVER

Bound to Circuit Court to appear on Nov. 28, 2012 at 9a ___m., Courtroom No. _____

Bond set in the amount of $ Cont        Type of Bond: Cont

Statute: MCL 750.83,  750.31b3A(c)

Date: 11-14-12                          _____
                                                 District Judge/Magistrate

EXHIBIT [E ]
FELONY INFORMATION "AMENDED"

2010716490

**STATE OF MICHIGAN**                              **CASE NO: 3610062870**

**AMENDED INFORMATION**
**FELONY**

**36TH DISTRICT COURT DETROIT**
**3rd  Judicial Circuit**

The People of the State of Michigan

|  | **Offense Information** |
|---|---|
|  | **Police Agency / Report No.** |
| vs | DPC1 1007040105 |
| AUNDRE RASHAD WOODLAND 82-10716490-01 | **Date of Offense** |
|  | 07/04/2010 cdg |
|  | **Place of Offense** |
|  | FRONT OF 4443 THIRD AVE,  DETROIT |
|  | **Complainant or Victim** |
|  | ROBERT BUTLER |
|  | **Complaining Witness** |
|  | INFO AND BELIEF |

**STATE OF MICHIGAN, COUNTY OF WAYNE**
**IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN:** The prosecuting attorney for this county appears before the court and informs the court that on the date and at the location described above, the Defendant(s):

**COUNT 1:  ASSAULT WITH INTENT TO MURDER**
did make an assault upon Robert Butler with intent to commit the crime of murder; contrary to MCL 750.83.  [750.83].
FELONY:  Life or any number of years; DNA to be taken upon arrest.

**COUNT 2:  CONSPIRACY TO COMMIT ASSAULT WITH INTENT TO MURDER**
did unlawfully conspire, combine, confederate and agree together with one another and/or other unknown person to commit the following listed offense; contrary to MCL 750.157a: make an assault upon Robert Butler with intent to commit the crime of murder; contrary to MCL 750.83.  [750.83].[C]
FELONY: LIFE and $10,000.00 additional fine.

Upon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification profiling samples.

and against the peace and dignity of the State of Michigan.

Kym Worthy
P38875
Prosecuting Attorney

By: _____

_11/27/2012_____
Date

Bar Number   *P45518*

EXHIBIT [F ]

36TH DISTRICT CT FELONY REGISTER OF ACTIONS

ORIGINAL - COURT FILE
1ST COPY - BINDOVER COPY
2ND COPY - SHERIFF

FORM NO. DCY 250/251

WARRANT RECALL COPIES
WHITE - COURT FILE
WHITE - RETURN TO COURT WITH WARRANT
PINK - DETROIT POLICE DEPARTMENT.

| STATE OF MICHIGAN VS | FELONY REGISTER OF ACTIONS | 36th DISTRICT COURT CRIMINAL DIVISION 421 Madison Avenue Detroit, MI 48226 |
|---|---|---|

| Defendant name and address | Case no. | BOND HISTORY | | | |
|---|---|---|---|---|---|
| GOODLAND, AUNDRE, RASHAD | 10062870-01 | Date Set | Date Posted | Type | Amount |
| 5377 PEARL ST | Offense date 7/04/2010 | 11-2-12 | No Contact | 10% | 100,000 |
| NOV 0 2 2012 | Complaint date 8/16/2010 | | | | |
| Race: B   DOB: 10/21/1979 | CTN NO. 82-10716490-01 | | | | |
| Defendant Alias(s) | Offense charged and section no. | Defense Attorney, Address, Bar no., Telephone | | | |
| GOODLAND, AUNDRE, R | . 75063 ASLT WI MRD | NOV 14 2012   8806   ATTORNEY UNREPOR ® MARIA MANNARINO P37531 | | | |

| Police No. | Police Agency DPD1 | Precinct | | |
|---|---|---|---|---|

| Arraignment Date 11-2 2012 | ☐ Guilty   ☑ Not Guilty   ☐ No Contest | ☑ Mute | Magistrate Charles W. Anderson III Claudia Tate   VIDEO TAPE CASE |
|---|---|---|---|
| Adjudication Date 11-14-12 | ☐ Jury Trial   ☐ Bench Trial   ☑ Exam | ☐ Other | Judge |
| FINDINGS | ☐ Guilty as Charged   ☐ Not Guilty   ☐ Dismissed | ☐ Nolle Prosequi | Court Reporter Rosanna Gillette CSR #2369 |
| ☐ Guilty, other. Charge and Section no.: | | ☐ Probation length | |
| Sentencing Date   Sentence | | | Judge |

| DATE | CODE | ACTIONS, JUDGMENTS, CASE NOTES | | | Initials |
|---|---|---|---|---|---|
| | | Court Reporter | Prosecutor | No. | |
| 11-14-12 | EX | HBO AOI date Nov. 28, 2012 = 9AM B/C Added count of Conspiracy to commit Murder 750.316-A[C]. APA Kam Towns P45518 | | | |
| | | JUDGE IZETTA F. BRIGHT | Court Reporter Shari Morton CSMR #6722 | GRETCHEN SMITH, COURT CLERK | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT [G ]

JUDGMENT OF SENTENCE [JOS]

1st copy – Corrections
2nd copy – Corrections (for return
3rd copy – Michigan State Police CJIC

4th copy – Defendant
5th copy – Prosecutor
6th copy – Cashier

Approved, SCAO        Original – Court

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | JUDGMENT OF SENTENCE COMMITMENT TO DEPARTMENT OF CORRECTIONS ☐ Amended | CASE NO. 12-010753-01-FC |
|---|---|---|

ORI MI – 821095J    Court Address    1441 St. Antoine, Detroit, MI 48226    Courtroom    603    Court Telephone No.    313-224-2275

Police Report No.

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant name, address, and telephone no. Aundre Rashad Woodland Alias(es) - 25377 Pearl St |
|---|---|---|

| CTN/TCN 10716490-01 | SID | DOB 10/21/1979 |
|---|---|---|

| Prosecuting attorney name Kam M. Towns | Bar no. 45518 | Defendant attorney name Maria P. Mannarino | Bar no. 39531 |
|---|---|---|---|

**THE COURT FINDS:**

1. The defendant was found guilty on _____ of the crime(s) stated below:

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE (S) MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Pleas* | Court | Jury | | | |
| 2 | | | X | | CONSPIRACY AWIM | 750.83C |
| | | | | | | |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill, For dismissal; insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).

☐ 3. HIV testing and sex offender registration is completed.    Defendant's driver license number _____

☐ 4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**

☐ 5. Probation is revoked.

6. Participating in a special alternative incarceration unit is    ☐ prohibited.    ☐ permitted.

7. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 2 | 7/11/2013 | 10 | - | - | 20 | - | 7/11/2013 | - | 49 | |

☐ 8. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)

☐ each other.    ☐ case numbers _____

9. Defendant shall pay as follows:

| State Minimum | Crime Victim | Restitution | Court Costs | Attorney Fees | Fine | Other Costs | Total |
|---|---|---|---|---|---|---|---|
| $ 68.00 x 1 | $ 130 | $ | $ 1095.55 | $ | $ | $ | $ 1293.55 |

The due date for payment is **at sentencing**. Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

☐ 10. The concealed weapon board shall    suspend for _____ days    permanently revoke    the concealed weapon license, permit number ___ - ___    issued by _____    County.

☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 750.520n.

12. Court recommendation: Pay court costs as a condition of parole.

7/11/2013
Date

*Ulysses W. Boykin*
Judge    Ulysses W. Boykin

11082
Bar no.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

_____
Deputy court clerk

MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766 MCR 6.427

EXHIBIT  [ H ]

SENTENCING INFORMATION REPORT [SIR]

## SENTENCING INFORMATION REPORT

Offender: Woodland, Aundre Rashad    SSN: 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    Workload: 1917    Docket Number: 12010753-01-FC

Judge: The Honorable Ulysses W. Boykin    Bar No.: P11082    Circuit No.: 03    County: 82

### Conviction Information

Conviction PACC: 750.83    Offense Title: Asslt w/Int to Commit Murder (Conspiracy)

Crime Group: Public Safety (Person)    Offense Date: 07/04/2010

Crime Class: Class A    Conviction Count: 1 of 1    Scored as of: 07/04/2010

Statutory Max: Life    Habitual: No    Attempted: No

### Prior Record Variable Score

PRV1: 0    PRV2: 0    PRV3: 0    PRV4: 0    PRV5: 0    PRV6: 0    PRV7: 0

Total PRV: 0

PRV Level: A

### Offense Variable

OV1: 25    OV2: 5 *8 MB*    OV3: 25    OV4: 0    OV5: 0    OV6: *25* 20 *MB*    OV7: 0

OV8: 0    OV9: 0    OV10: 0    OV11: 0    OV12: 0    OV13: 0    OV14: *8 10 MB*

OV16: 0    OV17: 0    OV18: 0    OV19: 0    OV20: 0

Total OV: *80* 90 *MB*

OV Level: *IV VI MB*

### Sentencing Guideline Range

Guideline Minimum Range : *55* 81 *MB* to *85* 135 *MB*

### Minimum Sentence

|  | Months | Life |
|---|---|---|
| Probation: |  | ☐ |
| Jail: |  |  |
| Prison: | 120 | ☐ |

Sentence Date: 7-11-13

Guideline Departure: NO    Consecutive Sentence: _____

Concurrent Sentence: Yes

Sentencing Judge: *Ulysses W. Boykin*    Date: 7-11-13

Prepared By: NIANG-CASEY, ROSE

Woodland, Aundre Rashad - 881703

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff,

-v-                               Case No. 12-010753-01-FC

AUNDRE RASHAD WOODLAND,        Hon. Ulysses W. Boykin

     Defendant.

---

# OPINION

This matter is before the Court on a motion for relief from judgment filed by defendant Aundre Rashad Woodland, *in propria persona*. For the reasons stated in the following opinion, defendant's motion will be denied.

### 1. Basic Facts/Procedural History

Defendant was convicted, after a jury trial, of one count of conspiracy to commit assault with intent to commit murder under MCL 750.157a and MCL 750.83. Defendant was sentenced to 10 to 20 years imprisonment. His conviction was affirmed by the Michigan Court of Appeals and the Michigan Supreme Court denied his application for leave to appeal. This is defendant's first motion for relief from judgment.

The relevant facts of this case were set forth in the opinion of the Court of Appeals as follows:

> The jury convicted defendant of conspiring with an unidentified gunman to assault the victim, with the intent to murder him, after the victim and two other individuals ('the Starks') confronted defendant in the apartment of the victim's girlfriend. The victim testified that he had an on-again, off-again

relationship with his girlfriend, who was also the mother of his child. During the early morning hours of July 4, 2010, the victim went to his girlfriend's apartment with the Starks to pick up some clothes. He found defendant inside the apartment and assaulted him. Defendant left the apartment, but returned approximately 15 to 20 minutes later and knocked on the front door. After the victim answered the door, defendant backed away from the door in a fighting stance. As the victim walked toward him, a man with a shotgun emerged from some bushes and shot the victim multiple times. [*People v Woodland*, unpublished opinion of the Michigan Court of Appeals issued 12/30/14 (Docket No. 317384)].

## 2. Standard of Review

MCR 6.508(D) limits a defendant's entitlement to relief from judgment. The court may not grant relief if the motion seeks relief from a judgment that is still subject to challenge on appeal or if the motion alleges grounds for relief which were decided against the defendant in a prior appeal or motion for relief from judgment, unless there has been a retroactive change in law undermining the decision. MCR 6.508(D) (1) and (2). If the motion is based on issues not raised previously and the defendant raises grounds for relief other than jurisdictional defects, relief may not be granted unless the defendant demonstrates both: (a) good cause for failure to raise the grounds for relief on appeal or in a prior motion and (b) actual prejudice from the alleged irregularities that support the claim for relief. MCR 6.508(D)(3)(a) and (b).

The Court may waive the "good cause" requirement of subsection (D)(3)(a) if it determines that "there is a significant possibility that the defendant is innocent of the crime." MCR 6.508(D). In order to demonstrate "actual prejudice," a defendant convicted following a trial must show that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal" or that "the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case." MCR 6.508 (D)(3)(b)(i) and (iii). When a sentence is being challenged,

"actual prejudice" may be established where the sentence is invalid.  MCR 6.508(D)(3)(b)(iv).

The defendant bears the burden of establishing entitlement to the relief requested.  MCR

6.508(D).

### 3. Analysis

Defendant is not entitled to relief from judgment under MCR 6.508(D)(3) because he

cannot support his claims of alleged error.  Moreover, defendant has not demonstrated that, even

if the alleged errors had occurred, he suffered actual prejudice as a result.  Accordingly, this

Court will deny the motion for relief from judgment.[1]

### A. Lack of Jurisdiction

Defendant first argues that this Court did not have jurisdiction to try him on the charge of

conspiracy to commit assault with the intent to murder.  Defendant asserts that an error in the

statutory citation of the charged offenses in the district court's register of actions and on the

magistrate's return deprived this Court of jurisdiction to try him on the conspiracy to commit

assault with intent to murder charge.

The original felony information in this case charged defendant with one count of assault

with intent to murder, MCL 750.83.  At a preliminary examination conducted on November 14,

2012, defendant was bound over to this Court.  The magistrate's return to circuit court stated that

defendant was bound over on "MCL 750.83, 750.316A(c)."[2] [Defendant's Exhibit D].    An

amended information was filed on November 27, 2012, charging defendant with one count of

assault with intent to murder, MCL 750.83 and one count of conspiracy to commit assault with

---

[1]    Defendant asserts that "good cause" for failure to raise the issues on appeal exists because his
appellate counsel was ineffective.  However, it is not necessary for the Court to address the issue of "good cause"
where defendant has not shown "actual prejudice" because both are required before a motion for relief from
judgment will be granted.  MCR 6.508(D)(3)(a) and (b).

[2]    There is no statute designated as "MCL 750.316A(c)."  The closest designation is MCL 750.316(1)(a)
which is first-degree, premeditated murder.

3

intent to murder, MCL 750.157a and MCL 750.83.  On November 28, 2012, defendant was arraigned in this Court on the amended information. Defendant, through his counsel, acknowledged receipt of the amended information and waived its formal reading.  After a jury trial, defendant was acquitted of Count I, assault with intent to murder, MCL 750.83, and was convicted of Count II, conspiracy to commit assault with intent to murder, MCL 750.157a and MCL 750.83.

Defendant asserts that the magistrate's return did not list the statutory citation for conspiracy, MCL 750.157a and therefore, this Court did not have jurisdiction to try him on that charge.   This Court disagrees.   The Michigan Supreme Court explained the vesting of jurisdiction over a criminal case in circuit court as follows:

> The circuit court is a 'court of general jurisdiction,' MCL § 600.151; MSA § 27A.151, having 'original jurisdiction in all matters not prohibited by law . . .' Const 1963, art. 6, § 13. Subject matter jurisdiction is presumed unless expressly denied by constitution or statute, *Bowie v Arder*, 441 Mich 23, 38; 490 NW2d 568 (1992). It is the right of the court to exercise jurisdiction over a class of cases, such as criminal cases. In personam jurisdiction is vested in the circuit court upon the filing of a return of the magistrate before whom the defendant waived preliminary examination, *In re Elliott,* 315 Mich 662, 675, 24 NW2d 528 (1946), or 'before whom the defendant has been examined.' *Genesee County Prosecutor v Genesee Circuit Judge*, 391 115, 119, 215 NW2d 145 (1974). Having once vested in the circuit court, personal jurisdiction is not lost even when a void or improper information is filed. [*People v Goecke*, 457 Mich 442, 458-459; 579 NW2d 868 (1998) (Footnotes omitted)].

In this case, defendant was arraigned, tried, convicted and sentenced in this Court without arguing that the Court lacked personal jurisdiction based upon errors in the magistrate's return.[3]  Thus, defendant has explicitly consented to the trial court's exercise of personal

---

[3]    Defendant did move to quash the information arguing that there was insufficient evidence to support the bind over, but did not raise the issue of the alleged error on the magistrate's return.

jurisdiction and has waived review of the issue. *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011).

Moreover, even assuming that defendant did not waive the jurisdictional argument, he is not entitled to relief. There is no question that this Court has subject matter jurisdiction over felony cases. *Lown, supra; Goecke, supra*. Additionally, once the return of the magistrate was filed, this Court had personal jurisdiction over defendant. *Goecke, supra* at 459. Once jurisdiction vested in this Court, the amendment of the information was proper under MCR 6.112(H) unless the amendment "would unfairly surprise or prejudice the defendant." *Goecke, supra* at 460. The amendment of the information in this case did not unfairly surprise or prejudice defendant. Given the facts of the case, the charge of conspiracy could hardly have been a surprise. The amendment was made soon after the preliminary examination and before the arraignment in this Court and thus, there was no surprise or prejudice to defendant in preparing his defense at trial. See *Goecke, supra* at 462.

## B. Sufficiency of the Evidence

Defendant contends that there was insufficient evidence to support his conviction of conspiracy to commit assault with intent to murder. MCL 750.157a and MCL 750.83. This Court disagrees.

In reviewing the sufficiency of the evidence, a court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). The elements of assault with intent to commit murder, MCL 750.83, are: (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. *People v Davis*, 216 Mich App 47, 53; 549 NW2d 1

(1996). The intent to kill may be proven by inference from any facts that are in evidence. *Id.* In this case, there was testimony that the victim was shot with a shotgun, that he was shot multiple times and that at the least first shot was fired at close range (at arm's length, according to the victim). The jury could have found, based upon the testimony at trial, that there was an intent to kill the victim. See *People v Harris*, 110 Mich App 636, 644-645; 313 NW2d 354 (1981), where the Court of Appeals found that the shooting of a shotgun at close range indicated an intent to murder.

A conspiracy is "mutual agreement or understanding, express or implied, between two or more persons to commit a criminal act or accomplish a legal act by unlawful means." *People v Cotton*, 191 Mich App 377, 392; 478 NW2d 681 (1991). Direct proof of an agreement is not required, it is sufficient that the circumstances, acts and conduct of the parties establish an agreement. *Id.* at 393. A conspiracy may be proven by circumstantial evidence or be based on inference. *Id.*

In this case, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found an agreement between defendant and the unknown assailant to commit an assault with intent to murder against the victim. The testimony at trial established that on the night/early morning of the incident, defendant was beaten by the victim while at the home of the victim's girlfriend. Defendant rushed out of the home and fifteen to twenty minutes later returned, knocking at the door. The door was answered by the victim, who testified that when he opened the door, defendant assumed a "fighting stance" and backed up off of the porch. The victim exited the home, following defendant. It was then that the victim was approached and shot by the unknown assailant who had been hiding in some bushes. From this testimony, a rational trier of fact could have inferred that there was an agreement between defendant and the

unknown assailant to draw the victim out of house and assault him with the shotgun in retaliation

for the beating that defendant had suffered at the hands of the victim.   Based upon the record,

there is sufficient evidence of a conspiracy to commit assault with the intent to murder.

## C.   Improper Sentence

Defendant also argues that his sentence of 10 to 20 years imprisonment is invalid.   He

asserts that certain offense variables were improperly scored by the Court and that the scoring of

the offense variables was "contrary to facts of the trial or admitted by defendant" and, therefore,

is invalid under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

First, defendant challenges the scoring of OVs 1-3, as well as, OV6 and OV 14.[4]   The

statutory basis for OV 1 is MCL 777.31 which provides for the assessment of points where there

is an "aggravated use of a weapon."   Twenty-five points shall be assessed if "a firearm was

discharged at or toward a human being . . ." MCL 777.31(1)(a).   Defendant asserts that he should

not have been assessed twenty-five points for OV 1 because there was no evidence in this case

that he discharged a weapon.   However, the plain language of the statute requires the assessment

of points where "a firearm was discharged at or toward a human being" it does not require that

defendant himself discharged the firearm.   The case relied on by defendant, *People v Johnston*,

478 Mich 903; 732 NW2d 531 (2007), is not applicable to his argument on this variable because

defendant was properly scored twenty-five points without application of the multi-offender

provision in MCL 777.31(2)(b).

OV 3 provides for the assessment of points based on the "degree of physical injury to a

victim."   MCL 777.33.   Twenty-five points will be assessed where a "life threatening or

---

[4]        Defense counsel objected at sentencing to the scoring of OV2, OV6 and OV 14.   Defendant asserts that
trial counsel was ineffective for not objecting to the scoring of OV1 and OV3.   However, as is stated in this opinion,
OV 1 and OV 3 were properly scored.   There is no ineffective assistance of counsel claim for the failure to object to
a properly scored OV.   *People v Odom*, 276 Mich App 407, 416; 740 NW2d 557 (2007).

permanent incapacitating injury occurred to a victim. MCL 777.33(1)(c). In this case, the evidence showed that, as a result of being shot, the victim suffered a permanent or incapacitating injury, the amputation of an arm below the elbow. OV 3 was properly scored at twenty-five points.

Next, defendant challenges the scoring of OV 6 at twenty-five points. The statutory basis for OV 6 is MCL 777.36, which requires the assessment of points for the intent to kill or injure another individual. "Unless the sentencing court has information that was not presented to the jury, an offender's OV 6 score must be scored consistent with the jury's verdict." MCL 777.36(2)(a). In this case, the jury, in finding defendant guilty of conspiracy to commit assault with intent to murder necessarily found intent to kill. See *People v Davis, supra.* Therefore, OV 6 was properly scored at twenty-five points under MCL 777.36(1)(b).[5] Defendant argues that OV 6 should have been scored at ten points because any intent to kill was committed in an extreme emotional state caused by provocation of the victim. MCL 777.36(1)(c). However, even if defendant's actions were taken in an extreme emotional state and upon adequate provocation, the statute requires that a defendant's actions occurred before a reasonable amount of time elapsed for the defendant to calm. *Id.* The jury in this case was instructed that it could not find defendant guilty of conspiracy to commit assault with intent to murder if it concluded that defendant acted while under extreme emotional excitement and before a reasonable time elapsed for defendant to calm down. By finding defendant guilty, the jury necessarily rejected the emotional excitement argument and the scoring of OV 6 at 25 is supported by the jury's verdict. MCL 777.36(2)(a).

---

[5]   MCL 777.36(1)(b) provides for the assessment of twenty-five points where "the offender had unpremeditated intent to kill, the intent to do great bodily harm , or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result."

Defendant also asserts that OV 14 that governs assessment of points for the offender's role in the crime was improperly scored at ten points. Pursuant to MCL 777.44(1)(a), ten points are assessed under OV 14 where "the offender was a leader in a multiple offender situation." When determining an offender's role, the entire criminal transaction must be considered. MCL 777.44(2)(a). In this case, viewing the criminal transaction as a whole, there is evidence supporting a finding that defendant's role in the crime was one of a leader. It was defendant who had a prior altercation with the victim and defendant who lured the victim outside and into a position where he could be shot. OV 14 was properly scored at ten points.

Lastly, defendant challenges the scoring of OV 2 at five points. Five points may be assessed for OV 2 where "the offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon." MCL 777.32(1)(d). Defendant asserts that he should not have been scored five points under either an individual or multiple offender context, and that the proper score for this OV was zero points. See MCL 777.32(2). Assuming, without deciding, that OV2 should have been scored at zero instead of the five points that was actually scored, resentencing is not necessary because the sentencing guideline range would not have changed. *People v Davis*, 468 Mich 77, 83; 658 NW2d 800 (2003). If OV 2 had been scored at zero, the total OV score would have changed from 90 to 85 points. However, defendant's OV level would remain at V and the sentencing guideline range would remain at 81 to 135 months. Therefore, defendant is not entitled to resentencing based on any improper scoring of OV 2. *Id.*

Defendant also challenges the scoring of OV 1, OV 2, OV3, OV6 and OV14 as contrary to the Michigan Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). However, the rule announced in *Lockridge* "has no retroactive application to sentences on collateral review." *People v Brickford*, unpublished order of the Court of Appeals, entered

January 12, 2016 (Docket No. 329351) citing *Butterworth v United States*, 775 F3d 459, 468 (CA 1, 2015); *Simpson v United States*, 721 F3d 875, 867 (CA 7, 2013).[6]   Accordingly, defendant is not entitled to relief from judgment on the basis of any *Lockridge* error.

4.   **Conclusion**

On the basis of the foregoing opinion, defendant's motion for relief from judgment will be denied.

**DATED:** 4/1/2016

_____
**Circuit Judge**

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK
BY: _____
DEP CLERK

---

**_PROOF OF SERVICE_**

*I certify that a copy of the above instrument was served upon the attorneys of record and/or self-represented parties in the above case by mailing it to the attorneys and/or parties at the business address as disclosed by the pleadings of record, with prepaid postage on* ___4/1/16___ .

Name _____

---

[6]      Although not binding precedent, unpublished decisions of the Michigan Court of Appeals may be persuasive, especially where, as here, there is no published authority on the issue. See *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004).

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff,

-v-                           Case No. 12-010753-01-FC

AUNDRE RASHAD WOODLAND,        Hon. Ulysses W. Boykin

     Defendant.

_____

## ORDER

At a session of said Court held in the Frank Murphy Hall of Justice, Detroit, Wayne County, Michigan, on this:

_April 1, 2016_

PRESENT: _DALTON A. ROBERSON_
               Circuit Judge

The Court, being advised in the premises and for the reasons stated in the foregoing

Opinion,

    **IT IS ORDERED** that defendant's Motion for Relief from Judgment is hereby

**DENIED.**

                         Circuit Judge

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY _____
      DEPUTY CLERK

---

**PROOF OF SERVICE**

I certify that a copy of the above instrument was served upon the attorneys of record and/or self-represented parties in the above case by mailing it to the attorneys and/or parties at the business address as disclosed by the pleadings of record, with prepaid postage on ___4/1/16___

Name _____

**EXHIBIT I**

**OPINION AND ORDER FROM MICHIGAN COURT OF APPEALS**

# Court of Appeals, State of Michigan

## ORDER

People of MI v Aundre Rashad Woodland

Docket No.    334929

LC No.    12-010753-01-FC

Kirsten Frank Kelly
Presiding Judge

Kurtis T. Wilder

Cynthia Diane Stephens
Judges

The Court orders that the delayed application for leave to appeal is DENIED because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

NOV 2 9 2016
Date

Chief Clerk

Aundre' Woodland #881703
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI. 48623

9-18-17 /bk

Clerk Of The Court
United States District Court
231 W. Lafayette Blvd.
Detroit, Michigan 48226

RECEIVED
SEP 21 2017
CLERK'OFFICE
DETROIT

36
35

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 17-13152 | Judge: Matthew F. Leitman | Magistrate Judge: Mona K. Majzoub |
|---|---|---|

**Name of 1ˢᵗ Listed Plaintiff/Petitioner:**

Aundre R. Woodland

**Name of 1ˢᵗ Listed Defendant/Respondent:**

Thomas Winn

**Inmate Number:** 881703

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Saginaw Correctional Facility

9625 Pierce Road
Freeland, MI 48623
SAGINAW COUNTY

---

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☒ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes    ☒ No
   ➤ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes    ☒ No
   ➤ If yes, give the following information:

   Court: _____

   Case No: _____

   Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases