UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUNDRE WOODLAND, #881703,

        Petitioner,

                                    CASE NO. 4:17-CV-13152
v.                                 HONORABLE LINDA V. PARKER

THOMAS WINN,

        Respondent.
_____/

## OPINION & ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING CERTIFICATE OF APPEALABILITY; & (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Aundre Rashad Woodland ("Petitioner") was convicted of conspiracy to commit assault with intent to commit murder, MICH. COMP. LAWS §§ 750.157a, 750.83, following a jury trial in the Wayne County Circuit Court and was sentenced to 10 to 20 years imprisonment in 2013. In his pleadings, he raises claims concerning the state trial court's jurisdiction, the validity of his sentence, and the sufficiency of the trial evidence. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus, denies a certificate of appealability, and denies leave to proceed *in forma pauperis* on appeal.

## FACTS AND PROCEDURAL HISTORY

Petitioner's conviction arises from a shooting that occurred at an apartment in Detroit, Michigan in July of 2010.   The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> The jury convicted defendant of conspiring with an unidentified gunman to assault the victim, with the intent to murder him, after the victim and two other individuals ("the Starks") confronted defendant in the apartment of the victim's girlfriend. The victim testified that he had an on-again, off-again relationship with his girlfriend, who was also the mother of his child.   During the early morning hours of July 4, 2010, the victim went to his girlfriend's apartment with the Starks to pick up some clothes.   He found defendant inside the apartment and assaulted him.   Defendant left the apartment, but returned approximately 15 to 20 minutes later and knocked on the front door.   After the victim answered the door, defendant backed away from the door in a fighting stance.   As the victim walked toward him, a man with a shotgun emerged from some bushes and shot the victim multiple times.
>
> At trial, the jury heard testimony from the victim, his erstwhile girlfriend, and police officers involved in the investigation.   Neither of the Starks testified at trial.   The victim and a Detroit Police officer both testified that they attempted to locate the Starks, but were not able to do so.

*People v. Woodland*, No. 317384, 2014 WL 7441163, *1 (Mich. Ct. App. Dec. 30, 2014) (unpublished).

2

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the effectiveness of trial counsel regarding the failure to produce the Starks to testify and the failure to request a missing witness instruction.   The court denied relief on those claims and affirmed Petitioner's conviction and sentence.   *Id.* at *1-2.   Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.   *People v. Woodland*, 498 Mich. 854, 864 N.W.2d 574 (2015).

Petitioner then filed an initial *pro se* habeas petition with this Court, which was dismissed without prejudice on exhaustion grounds.   *Woodland v. Winn*, No. 4:16-CV-10289, 2016 WL 695597 (E.D. Mich. Feb. 22, 2016).

Petitioner returned to the state courts and filed a motion for relief from judgment with the state trial court raising the claims contained in his current petition.   The trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3), finding that Petitioner failed to establish actual prejudice because the claims lacked merit.   *People v. Woodland*, No. 12-010753-01-FC (Wayne Co. Cir. Ct. April 1, 2016).   Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied because he "failed to establish that the trial court erred in denying the motion for relief from judgment."   *People v.*

3

*Woodland*, No. 334929 (Mich. Ct. App. Nov. 29, 2016).   Petitioner also filed an

application for leave to appeal with the Michigan Supreme Court, which was

denied because he "failed to meet the burden of establishing entitlement to relief

under MCR 6.508(D)."   *People v. Woodland*, 501 Mich. 860, 900 N.W.2d 629

(2017).

Petitioner thereafter filed his current *pro se* habeas petition with this Court.

He raises the following claims:

> (1)     The trial court lacked jurisdiction to find him guilty of an
> uncharged offense "per the magistrate's return to circuit
> court[.]"
>
> (2)     The trial court erred in scoring offense variables contrary
> to the facts of the trial or his own admissions and contrary
> to the legislative intent of the scoring guidelines.   Trial
> counsel was ineffective for failing to object to the scoring.
>
> (3)     The prosecution failed to produce legally sufficient
> evidence to identify him as a conspirator to assault with
> intent to murder beyond a reasonable doubt.   Appellate
> counsel was ineffective for failing to raise an insufficient
> evidence claim and other grounds on direct appeal.

(ECF No. 1 at Pg. ID 8.)

Respondent filed an answer to the petition contending that it should be denied

because the claims are procedurally defaulted and lack merit.

4

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions.   The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"   *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*,

535 U.S. 685, 694 (2002).   "[T]he 'unreasonable application' prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court

identifies the correct governing legal principle from [the Supreme] Court but

unreasonably applies that principle to the facts of petitioner's case."   *Wiggins v.*

*Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*

*Bell*, 535 U.S. at 694.   However, "[i]n order for a federal court to find a state

court's application of [Supreme Court] precedent 'unreasonable,' the state court's

decision must have been more than incorrect or erroneous.   The state court's

application must have been 'objectively unreasonable.'"   *Wiggins*, 539 U.S. at

520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.   The "AEDPA

thus imposes a 'highly deferential standard for evaluating state-court rulings,' and

'demands that state-court decisions be given the benefit of the doubt.'"   *Renico v.*

*Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n.7); *Woodford v.*

*Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal

habeas relief so long as 'fairminded jurists could disagree' on the correctness of

the state court's decision."   *Harrington v. Richter*, 562 U.S. 86, 101 (2011)

(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   The Supreme Court

has emphasized "that even a strong case for relief does not mean the state court's

contrary conclusion was unreasonable."   *Id.* (citing *Lockyer v. Andrade,* 538 U.S.

63, 75 (2003)).   Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.   *Id*.   Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."   *Id*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015).   A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.   *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.   *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions

7

that it is not 'an unreasonable application of clearly established Federal law' for a
state court to decline to apply a specific legal rule that has not been squarely
established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26
(2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).   Section
2254(d) "does not require a state court to give reasons before its decision can be
deemed to have been 'adjudicated on the merits.'"   *Harrington*, 562 U.S. at 100.
Furthermore, it "does not require citation of [Supreme Court] cases—indeed, it
does not even require *awareness* of [Supreme Court] cases, so long as neither the
reasoning nor the result of the state-court decision contradicts them."   *Early v.
Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.   The
requirements of clearly established law are to be determined solely by Supreme
Court precedent.   Thus, "circuit precedent does not constitute 'clearly established
Federal law as determined by the Supreme Court'" and it cannot provide the basis
for federal habeas relief.   *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per
curiam); *see also Lopez v. Smith*, 574 U.S. 1, _, 135 S. Ct. 1, 2 (2014) (per
curiam).   The decisions of lower federal courts, however, may be useful in
assessing the reasonableness of the state court's resolution of an issue.   *Stewart v.
Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d
667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich.

8

2002).

A state court's factual determinations are presumed correct on federal habeas review.   *See* 28 U.S.C. § 2254(e)(1).   A habeas petitioner may rebut this presumption only with clear and convincing evidence.   *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).   Moreover, habeas review is "limited to the record that was before the state court."   *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## ANALYSIS

### Procedural Default

As an initial matter, Respondent argues that Petitioner's habeas claims are barred by procedural default because he first raised the issues on state collateral review and the state courts denied relief based upon Michigan Court Rule 6.508(D).   On habeas review, however, federal courts "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).   The Supreme Court has explained the rationale behind such a policy:   "[j]udicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."   *Lambrix*, 520 U.S. at 525.   Such is the case here.   The procedural issues

9

are somewhat complex and the substantive claims are more readily decided on the merits.   Accordingly, the Court need not address the procedural default issue and shall proceed to the merits of Petitioner's claims.

## Merits

### *(i) Jurisdiction Claim*

Petitioner first asserts that he is entitled to habeas relief because the state trial court lacked subject matter jurisdiction due to alleged defects in the charging documents.   Petitioner raised this issue on collateral review in the state courts and the state trial court denied relief finding that the court had subject matter and personal jurisdiction in Petitioner's criminal case.   *See Woodland*, No. 12-010753-01-FC, at *3-5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.   The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary."   *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug. 7, 2008); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003 WL

10

1798109, *5 (E.D. Mich. April 1, 2003); *accord Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996).

It is well-settled that state courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court on habeas review."); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

Additionally, to the extent that Petitioner asserts that trial counsel was ineffective for failing to challenge the state court's jurisdiction, he is not entitled to relief. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466

U.S. 668, 687 (1984).   As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance.   *Id*. at 690.   There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.   *Id*.   The petitioner bears the burden of overcoming the presumption that the contested actions were sound trial strategy.   A reviewing court's scrutiny of counsel's performance is highly deferential.   *Id*. at 689.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Id*. at 694.   A reasonable probability is one sufficient to undermine confidence in the proceeding's outcome.   *Id*.   "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."   *Id*. at 686.

The Supreme Court has confirmed that a federal court's consideration of an ineffective assistance of counsel claim arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.   "The standards created by

12

*Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so.'   *Harrington*, 562 U.S. at 105 (internal and end citations omitted).   When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   Rather, the question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.   *Id.*[1]

In this case, the state trial court ruled that Petitioner's jurisdictional issues lacked merit.   *See Woodland*, 12-010753-01-FC, at *3-5.   Trial counsel cannot be deemed ineffective for failing to make futile or meritless objections.   *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).   Consequently, Petitioner cannot establish that trial counsel erred and/or that Petitioner was prejudiced by counsel's conduct.

### *(ii) Sentencing Claim*

Petitioner next asserts that he is entitled to habeas relief because the state trial court erred in scoring the offense variables of the state sentencing guidelines. Specifically, he asserts that the state trial court erred in scoring Offense Variables

---

[1]  The state trial court did not specifically address trial counsel's effectiveness in this regard.   *See Woodland*, 12-010753-01-FC, at *3-5.   Accordingly, the Court shall review the issue *de novo*.

1 (aggravated use of a weapon), 2 (possession or use of a gun or knife), 3 (degree of physical injury to the victim), 6 (intent to kill or injure), and 14 (leader of a multiple offender situation) of the state sentencing guidelines.   Petitioner raised this issue on collateral review and the state trial court denied relief finding that the Offense Variables 1, 3, 6, and 14 were properly scored and that any scoring error with respect to Offense Variable 2, if corrected, would not affect the applicable sentencing guideline range.   *See Woodland*, No. 12-010753-01-FC, at *7-10.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.   A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).   Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.   *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).   Petitioner's sentence of 10 to 20 years imprisonment is well within the statutory maximum of life imprisonment.   *See* MICH. COMP. LAWS §§ 750.157a, 750.83.   Consequently, his sentence is insulated from habeas review absent a federal constitutional violation.

Petitioner's claim that the trial court erred in scoring the offense variables of the Michigan sentencing guidelines is not cognizable on habeas review because it is a state law claim.   *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (explaining that departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *see also Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).   Alleged errors in scoring the offense variables and determining the sentencing guideline range do not warrant federal habeas relief.

Petitioner also alleges, in a conclusory fashion, that trial counsel was ineffective for failing to object to the scoring of the offense variables.   The state trial court denied relief on this claim finding that trial counsel objected to the scoring of Offense Variables 2, 6, and 14 and that Offense Variables 1, 3, 6 and 14 were properly scored and any error in scoring Offense Variable 2 would not affect the guideline range.   *See Woodland*, 12-010753-01-FC at *7 n. 4, *7-9.

The state court's denial of relief on this issue is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.   First,

15

Petitioner's ineffective assistance of trial counsel claim is partially belied by the record, which indicates that counsel objected to the scoring of Offense Variables 2, 6, and 14.   *See* Sent. Tr., pp. 8-9, 11, 15.   Second, given the state trial court's ruling that the disputed offense variables were properly scored and that any error in scoring Offense Variable 2 would not affect the sentencing guideline range, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct so as to establish that counsel was ineffective under *Strickland*. As discussed above, trial counsel cannot be deemed ineffective for failing to make futile or meritless objections.   *Coley*, 706 F.3d at 752; *Steverson*, 230 F.3d at 225.

Additionally, to the extent that Petitioner challenges the state court's interpretation of state law regarding the scoring of the offense variables and the application of state law (including *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015)), he is not entitled to relief.   As explained, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."   *Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860.   State courts are the final arbiters of state law and the federal courts will not intervene in such matters.   *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328.   Petitioner fails to state a claim upon which relief may be granted as to any such state law issues.

16

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct.   *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (explaining that a defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information.   *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).   Petitioner makes no such showing.   Rather, the record shows that he had a sentencing hearing before the state trial court with an opportunity to challenge the sentencing information.   He also challenged his sentence on collateral review in the state courts.   Petitioner fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.

Petitioner further seems to assert that the trial court relied upon facts not proven beyond a reasonable doubt at trial nor admitted by him in scoring the guidelines and imposing his sentence in violation of his Sixth Amendment rights. Petitioner cites *Lockridge*, 870 N.W.2d 502 and references federal cases in his

petition.[2]   Such a claim arises from the United States Supreme Court's decisions

in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S.

296 (2004); and *Alleyne v. United States*, 570 U.S. 99 (2013).   In *Apprendi*, the

Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must

be submitted to a jury, and proved beyond a reasonable doubt."   *Apprendi*, 530

U.S. at 490.   In *Blakely*, the Supreme Court clarified "that the 'statutory

maximum' for *Apprendi* purposes is the maximum sentence a judge may impose

solely on the basis of the facts reflected in the jury verdict or admitted by the

defendant."   *Blakely*, 542 U.S. at 303.   In *Alleyne*, the Supreme Court extended

*Apprendi* to mandatory minimum sentences, ruling that any fact that increases a

mandatory minimum sentence is an "element" of the offense that must be

submitted to the jury and proven beyond a reasonable doubt.   *Alleyne*, 570 U.S. at

111-12.

In *Lockridge*, the Michigan Supreme Court held that, under *Alleyne*, the

Michigan sentencing guidelines violate the Sixth Amendment because the

---

[2]  The state trial court ruled that Petitioner was not entitled to relief on this issue on
collateral review under *Lockridge*, but did not discuss federal law with respect to
this issue.   *See Woodland*, 12-010753-01-FC, at *9-10.   Accordingly, the Court
shall review this particular issue *de novo*.

guidelines "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range."   *Lockridge*, 870 N.W.2d at 506.   The court's remedy was to make the guidelines advisory only.   *Id*. at 520-21.   The Sixth Circuit recently issued a decision agreeing with *Lockridge* and ruling that *Alleyne* clearly established that Michigan's pre-*Lockridge* mandatory minimum sentencing guidelines scheme violated the Sixth Amendment.   *Robinson v. Woods*, 901 F.3d 710, 716-18 (6th Cir. 2018).   The Sixth Circuit explained that "[a]t bottom, Michigan's sentencing regime violated *Alleyne*'s prohibition on the use of judge-found facts to increase mandatory minimum sentences."   *Id*. at 716. This Court is bound by the Sixth Circuit's decision.

*Alleyne* applies to Petitioner's case.   Petitioner was sentenced on July 11, 2013 just after *Alleyne* was decided on June 17, 2013.   *Alleyne* was thus clearly established law before Petitioner's conviction and sentence became final and, therefore, governs his sentencing.   *Alleyne*, however, does not afford Petitioner habeas relief.   Petitioner fails to sufficiently allege and/or establish that the trial court relied upon judicially found facts that were not proven beyond a reasonable doubt or admitted by him.   Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.   *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman*

*v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (finding that conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (finding that bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings).

Petitioner essentially objects to the scoring of the variables at issue because (i) the state trial court scored the variables as reflecting a multiple offender situation and (ii) he was not found guilty of a firearm violation.   Notably, as the state trial court explained, "the plain language of the [relevant] statute requires assessment of points where 'a firearm was discharged at or toward a human being' [and] it does not require that [a] defendant himself discharged the firearm."   *See Woodland*, No. 12-010753-01-FC, at *7.   Thus, the jury's verdict finding Petitioner guilty of conspiracy to commit assault with intent to commit murder, establishes that he engaged in a multiple offender situation and negates his argument.   The jury's verdict was reasonable and supported by sufficient evidence, and a review of the state trial court's decision indicates that the scoring of the disputed offense variables was supported by the victim's trial testimony and the jury's verdict.   *See Woodland*, No. 12-010753-01-FC, at *7-9.   Petitioner fails to show that the state trial court violated his constitutional rights at sentencing.   Thus, habeas relief is not warranted on this claim.

<u>*(iii) Sufficiency of the Evidence Claim*</u>

Lastly, Petitioner asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his conviction.   The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."   *In re Winship*, 397 U.S. 358, 364 (1970).   The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.   *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).   The sufficiency of the evidence standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16, and through the framework of 28 U.S.C. § 2254(d).   *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).   Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review—the factfinder at trial and the state court on appellate review—as long as those determinations are reasonable.   *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Additionally, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from the evidence admitted at trial."   *Cavazos*

*v. Smith*, 565 U.S. 1, 2 (2011) (per curiam).   A federal court may not re-weigh the evidence or re-determine the credibility of the witnesses.   *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).   A habeas court must defer to the factfinder at trial for its assessment of the credibility of witnesses.   *Id*.

Under Michigan law, the elements of assault with intent to commit murder are:   (1) an assault (2) with an actual intent to kill (3) which if successful, would make the killing murder.   *See Warren v. Smith*, 161 F.3d 358, 361 (6th Cir. 1998) (citing Michigan law); *People v. Ericksen*, 793 N.W.2d 120 (Mich. Ct. App. 2010); Mich. Comp. Laws § 750.83.   A conspiracy under Michigan law involves the mutual agreement or understanding, express or implied, between two or more persons to commit a criminal act or a legal act by unlawful means.   *People v. Anderson*, 340 N.W.2d 634 (Mich. 1983); Mich. Comp. Laws § 750.157a.   A conspiracy may be established by circumstantial evidence and may be based on inference.   *People v. McKenzie*, 522 N.W.2d 661 (Mich. Ct. App. 1994).   Direct proof of agreement is not required, nor is it necessary that a formal agreement be proven.   It is sufficient if the circumstances, acts, and conduct of the parties establish an agreement in fact.   *People v. Justice*, 562 N.W.2d 652 (Mich. 1997).

As with any crime, the prosecution must prove beyond a reasonable doubt that the defendant committed the charged offense.   *People v. Oliphant*, 250

22

N.W.2d 443 (Mich. 1976); *People v. Yost*, 749 N.W.2d 753 (Mich. Ct. App.

2008); *People v. Kern*, 149 N.W.2d 216 (Mich. Ct. App. 1967).   Direct or

circumstantial evidence and reasonable inferences arising from that evidence may

constitute satisfactory proof of the elements of an offense, *People v. Nowack*, 614

N.W.2d 78 (Mich. 2000); *People v. Jolly*, 502 N.W.2d 177 (Mich. 1993),

including the identity of the perpetrator, *Dell v. Straub*, 194 F. Supp. 2d 629, 647

(E.D. Mich. 2002); *Kern*, 149 N.W.2d at 218, and intent or state of mind.   *People*

*v. Dumas*, 563 N.W.2d 31 (Mich. 1997).

Petitioner raised this claim on collateral review in the state courts and the

state trial court applied the *Jackson* standard and denied relief finding that the

prosecution presented sufficient evidence to support Petitioner's conspiracy to

commit assault with intent to commit murder conviction.   *Woodland*, No. 12-

010753-01-FC, at *5-7.   The court explained in relevant part:

> The testimony at trial established that on the night/early
> morning of the incident, defendant was beaten by the
> victim while at the home of the victim's girlfriend.
> Defendant rushed out of the home and fifteen to twenty
> minutes later returned, knocking on the door.   The door
> was answered by the victim, who testified that when he
> opened the door, defendant assumed a 'fighting stance'
> and backed up off the porch.   The victim exited the home,
> following defendant.   It was then that the victim was
> approached and shot by the unknown assailant who had
> been hiding in some bushes.   From the testimony, a
> rational trier of fact could have inferred that there was an
> agreement between the defendant and the unknown

23

> assailant to draw the victim out of the house and assault
> him with the shotgun in retaliation for the beating that
> defendant had suffered at the hand of the victim.    Based
> upon the record, there is sufficient evidence of a
> conspiracy to commit assault with the intent to murder.

*Woodland*, No. 12-010753-01-FC, at *6-7.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.    The testimony of the shooting victim provided sufficient evidence to establish that Petitioner engaged in a conspiracy to commit assault with intent to commit murder.    The victim testified that on the night of the shooting, he went to his girlfriend's apartment and found Petitioner and his girlfriend in bed naked, that he confronted Petitioner and beat him (while the Stark brothers observed), and that Petitioner eventually fled the apartment.    5/29/13 Trial Tr., pp. 63-80.    About 15 to 20 minutes later, the victim heard someone knocking on the door, when he opened the door, Petitioner backed off the porch, assumed a fighting stance in the parking lot, and was yelling something like "come on man."    *Id*. at 96-98.    The victim went outside and an unidentified and unknown man came out of the bushes with a shotgun pointed at him.    *Id*. at 101.    The victim attempted to grab the gun, and the unknown assailant shot him in the hand, then the wrist, and then in the chest/area under his right side, with a total of five gunshots.    *Id*. at 101-10.    The unknown assailant did not take any of Petitioner's belongings nor shoot at anyone else.    *Id.* at 111-

24

12.   The victim had to have his arm, from before the elbow and down, amputated

as a result of the shooting.   *Id.* at 117.   Such evidence, and reasonable inferences

therefrom, establish that Petitioner conspired with the unknown assailant to

commit an assault with intent to commit murder.   To be sure, a victim's

testimony alone can be constitutionally sufficient to sustain a conviction.   *See*

*Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases).

Petitioner challenges the credibility determinations and inferences the jury

drew from the testimony presented at trial.   However, it is the job of the

fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts.

*Cavazos*, 565 U.S. at 7; *Jackson*, 443 U.S. at 326; *Martin*, 280 F.3d at 618; *see*

*also Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas

corpus court faced with a record of historical facts that supports conflicting

inferences must presume—even if it does not affirmatively appear in the

record—that the trier of fact resolved any such conflicts in favor of the

prosecution, and must defer to that resolution.").   The jury's verdict was

reasonable.   The evidence presented at the trial, viewed in a light favorable to the

prosecution, established beyond a reasonable doubt that Petitioner committed the

crime of conspiracy to commit assault with intent to commit murder.

As part of this claim, Petitioner also asserts that appellate counsel was

ineffective for failing to raise the insufficient evidence claim, and the other

25

collateral review claims, on direct appeal.   The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal.   *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).   To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate that appellate counsel's performance was deficient and that the deficient performance prejudiced the appeal.   *Strickland*, 466 U.S. at 687.   It is well-established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.   *Jones v. Barnes*, 463 U.S. 745, 751 (1983).   The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754.   Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel."   *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).   In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail."   *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52).   "Generally, only when ignored issues are clearly stronger than those presented will the presumption

26

of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*,

281 F.3d 568, 579 (6th Cir. 2002).   Appellate counsel may deliver deficient

performance and prejudice a defendant by omitting a "dead-bang winner," defined

as an issue which was obvious from the trial record and would have resulted in

reversal on appeal.   *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich.

2003).[3]

In this case, the record reveals that appellate counsel raised reasonable,

albeit unsuccessful, claims concerning the missing witnesses and the jury

instructions on direct appeal.   Petitioner fails to show that by raising those claims,

and omitting the collateral review claims, appellate counsel's conduct fell below

an objective standard of reasonableness.   As noted above, a defendant does not

have a constitutional right to raise every non-frivolous issue on appeal.   *Jones*,

463 U.S. at 751.   Moreover, given the state court's ruling and this Court's ruling

that the habeas claims lack merit, Petitioner cannot establish that appellate counsel

erred and/or that he was prejudiced by counsel's conduct as required by

*Strickland*.   *See Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing

---

[3]  The state trial court did not rule on the ineffective assistance of appellate counsel claim directly, and declined to address it as part of the procedural default analysis because it found that Petitioner failed to show actual prejudice.   *See Woodland*, 12-010753-01-FC at *3 fn. 1, *3-10.   Accordingly, the Court shall review the issue de novo.

*Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).   Therefore, habeas relief is not warranted on this claim.

## CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.

Accordingly,

**IT IS ORDERED** that the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus;

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right and has not demonstrated that reasonable jurists would find the Court's assessment of the claim debatable or wrong.   *See* 28 U.S.C. § 2253(c)(2) (stating that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right"); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (explaining that, when a court denies habeas relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (explaining that the substantial showing threshold is met if the petitioner shows

that "jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further");

      **IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner leave to

proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.

*See* FED. R. APP. P. 24(a).

s/ Linda V. Parker       

LINDA  V. PARKER

U.S. DISTRICT JUDGE

Dated: June 25, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, June 25, 2020, by electronic and/or U.S.
First Class mail.

s/ R. Loury       

Case  Manager
